**FILED - GR**

June 27, 2008 1:12 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald___/ _____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.

M.G.H. FAMILY HEALTH CARE CENTER
doing business as MUSKEGON FAMILY CARE,

Defendant.

_____/

CASE NO.
Hon.

**1:08-cv-618**
**Robert Holmes Bell**
**Chief U.S. District Judge**

COMPLAINT AND JURY
TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Iris Towers who was adversely affected by such practices. The Commission alleges that Defendant, M.G.H. Family Health Care Center doing business as Muskegon Family Care subjected Towers to unlawful race discrimination when it failed to promote her and subjected her to unlawful retaliation when it discharged her for complaining about ongoing racial harassment.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant M.G.H. Family Health Center doing business as Muskegon Family Care, (the "Employer") has been a Michigan corporation doing business in the State of Michigan, City of Muskegon, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Iris Towers filed charges with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least September 2005, Defendant Employer has engaged in unlawful employment practices at its Getty Street clinic in Muskegon, Michigan in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  The Defendant's unlawful employment practices include failing to promote Towers, subjecting Towers to race discrimination and terminating Towers' employment in retaliation for complaining about the discrimination and ongoing racial harassment.

2

8.      The effect of the practices complained of in paragraph 7, above, has been to deprive Towers of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and retaliation.

9.      The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.     The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Towers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees on the basis of race, and from retaliating against employees for opposing unlawful discrimination.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-American employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Iris Towers by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices

D.      Order Defendant Employer to make whole Iris Towers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be proven at trial.

3

E.      Order Defendant Employer to make whole Iris Towers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be proven at trial.

F.      Order Defendant Employer to pay Iris Towers punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DATED: June 25, 2008

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

NEDRA CAMPBELL (P58768)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan  48226
Telephone: (313)226-4620
e-mail:  nedra.campbell@eeoc.gov

4